(Not for Publication) (Docket No. 11)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
DONALD F. MANNO, :
　:
            Plaintiff,   :   Civil No. 08-3254 (RBK/JS)
　:
      v.   :   **OPINION**
　:
CHRISTOPHER J. CHRISTIE, United :
States Attorney, MATTHEW SMITH, :
Assistant United States Attorney, JOSEPH :
L. GILSON, Special Agent, Federal Bureau :
of Investigation, and JOHN DOES 1-5, :
　:
            Defendants. :
_____:

**KUGLER,** United States District Judge:

      This matter comes before the Court on a motion by Defendants United States Attorney Christopher Christie, Assistant United States Attorney Matthew Smith, and FBI Special Agent Joseph Gilson (collectively, "Defendants" or "the government") for summary judgment on the Complaint of Plaintiff Donald F. Manno ("Plaintiff").

**I.    BACKGROUND**

      Plaintiff is a solo legal practitioner who maintains a law office at 601 Longwood Avenue, Cherry Hill, New Jersey. Plaintiff has been in private practice for over twenty-five years, and he had approximately 100 active and open files in his office during the time at issue here, most of which were related to criminal defense matters. On May 7, 2008, the government applied for a

1

search warrant to search Plaintiff's law offices for 14 categories of documents and materials pertaining to 43 listed individuals or entities and covering the period from August 1, 2006 to the present as part of an ongoing investigation into criminal activity. Magistrate Judge Ann Marie Donio authorized the warrant, which was executed on May 8. The search team will apparently have no further role in the investigation, and the case agents in charge of the investigation did not participate in the search.

In the course of executing the warrant, agents of the government inspected numerous files connected with clients other than the 43 enumerated individuals. FBI agents copied the hard drives of six computers in Manno's office and copied other external storage devices (including thumbdrives and CDs) as well. According to the Complaint, these electronic files include information on all the clients of the Manno firm for the past 15 years, including both open and closed matters. Plaintiff alleges that Defendants did not try to first determine whether the hard drives and storage devices seized contained any information covered by the warrant; instead, they simply seized and copied all the electronic files. Some hard drives were copied at Manno's office; three laptops were taken from the office. (One remains in government custody; two were presumed copied and then returned, though the copying process was later deemed to have been unsuccessful.)

The instant motion, filed soon after the Court denied Plaintiff's motion for preliminary restraints preventing the review of the information seized, represents that the contents of the electronic equipment seized "are ready for electronic viewing, and will be viewed." The Court is left to infer that the review of the seized electronic material has begun, and may be complete. The government's plan to review the material was one focus of the Court's prior Opinion in this

case, as the motion for preliminary restraints required the Court to consider the potential for irreparable harm caused by the review process. On that point, the Court concluded that the procedures the government planned to employ to prevent disclosure of privileged material were acceptable, given the Court's additional direction that should AUSA Smith perceive that any materials he reviewed were relevant to other investigations with which he is familiar, he cease his review and alert the Court to the situation.

Defendants opposed the motion for preliminary restraints, and they rely upon that opposition to support their instant motion for summary judgment.[1] Additionally, the government filed a statement of material facts pursuant to Local Civil Rule 56.1(a) as well as a statement in lieu of a brief in support of their motion. In opposing the instant motion, Plaintiff similarly relies upon his initial pleadings (the Complaint and brief in support of his motion for preliminary restraints) and Plaintiff's letter to the Court of August 24, 2008, which opposed Defendants' motion to dismiss or for summary judgment.

## II.   LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the non-moving party." Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence

---

[1] As the parties are aware, the government's opposition to the motion for preliminary restraints was also considered, upon the request of Defendants, as a motion to dismiss or for summary judgment. Said motion was denied in the Court's prior Opinion and Order.

of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her]favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 2007 WL 2709661 at *1 (3d Cir. Sept. 17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2003)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.  Credibility determinations are the province of the factfinder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358,

1363 (3d Cir. 1992).

### III.   ANALYSIS

#### A.   Plaintiff's Fourth Amendment Claims

Plaintiff claims that because the seizure of materials from his law firm was overbroad, his Fourth Amendment right to privacy was violated.  Further, he claims that the government did not have probable cause to effect the search and seizure of materials not pertaining to those individuals and entities named in the warrant.  Finally, Plaintiff claims that the seizure of the materials violates the attorney-client privilege and/or the work product privilege.  The government moves for summary judgment, arguing that this Court determined that the search warrant was broad but reasonable, and that the procedures for the search of electronic materials were acceptable.

Plaintiff's response notes the distinction between this Court's application of the standard applicable to a motion for preliminary injunction and that applicable to the instant motion.  Preliminary injunctive relief is an extraordinary remedy only granted if the party seeking the injunction can demonstrate: (1) a likelihood of success on the merits; (2) it will suffer irreparable harm if the injunction is denied; (3) granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief.  KOS Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citing Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999)).  The Court agrees that this standard places a heavy burden on a party seeking an injunction and is different from the standard on a motion for summary judgment.

The Fourth Amendment generally requires that police officers obtain a warrant based on

probable cause to justify a search and seizure. U.S. Const. amend IV. "To determine whether the warrant was overbroad, [the Court] must compare the scope of the search and seizure authorized by the warrant with the ambit of probable cause established by the supporting affidavit." In re Impounded Case (Law Firm), 840 F.2d 196, 200 (3d Cir. 1988) (citing United States v. Christine, 687 F.2d 749 (3d Cir.1982)). Great deference should be paid to the determination by an impartial magistrate that there was probable cause sufficient to support the issuance of the warrant. See Illinois v. Gates, 462 U.S. 213, 236 (1983).

     As the government argues, the law of the case is clear on the issues at stake in Plaintiff's Fourth Amendment claims. This Court held in its August 22, 2008 Opinion, "The warrant in this case authorized a search and seizure that was broad but reasonable." (Docket No. 8 at 7.) Thus, as a matter of law, Plaintiff has no evidence that could sustain his Fourth Amendment claim on the basis of an overbroad warrant. Insofar as Plaintiff's claims regard those materials which he alleges were not covered by the warrant, the Court notes its prior finding that the search was likely reasonable. As Plaintiff's claims on this issue are grounded in his concern for protection of his client files, the Court's consideration of the protection of client confidentiality and the privilege is instructive. The Court previously reviewed, and discussed at length, in its prior Opinion in this case the procedures in place for the review of the documents and materials seized from Plaintiff's law office. Having reviewed the provision for the return of materials irrelevant to the current investigation as well as, critically, the process by which AUSA Smith would conduct a privilege review, the Court found that "the procedure the government has put in place is sufficient to protect potentially privileged information and negates the potential for irreparable harm to Manno or his . . . clients." (Id. at 10.) Thus, as a matter of law, Plaintiff has no evidence

6

that could sustain his Fourth Amendment claim on the basis of inadequate protection of privileged communication and client confidences.

The parties dispute the nature of Plaintiff's probable cause claim. It appears to the Court that Plaintiff alleges in his Complaint that the government did not have probable cause to support the portion of the search and seizure which Plaintiff alleges went beyond the scope of the warrant. The Court has determined, however, that the warrant was not overbroad, the search was likely reasonable, and the procedure in place for the review of documents was protective of privileged communication and client confidences. The Court is satisfied that the search and seizure were grounded on probable cause. Additionally, Plaintiff has failed to present evidence in support of his opposition to the instant motion. The Court finds that there is no genuine issue of material fact whether the search and seizure was supported by probable cause.

Accordingly, the Court will grant summary judgment in favor of the government and against the Plaintiff on Plaintiff's Fourth Amendment claims.

### B. Plaintiff's Sixth Amendment Claims

Plaintiff claims that he has a right and duty to assert the Sixth Amendment right to counsel on behalf of his criminal defense clients, and that the government violated those rights when it seized and inspected materials from his law office. Plaintiff's Sixth Amendment claims are then based upon the same acts that form the basis of his Fourth Amendment claims.

Again, the Court previously reviewed the procedures in place to protect the confidentiality of Plaintiff's files as well as the privileges associated with his client communications and found that "the procedure the government has put in place is sufficient to protect potentially privileged information and negates the potential for irreparable harm to

Manno or his . . . clients." (Id.)  Thus, as a matter of law, Plaintiff has no evidence to sustain his Sixth Amendment claim on the basis of inadequate protection of privileged communication and client confidences.  Accordingly, the Court will grant summary judgment in favor of the government and against the Plaintiff on Plaintiff's Sixth Amendment claims.

      C.     **Plaintiff's Fifth Amendment Claims**

Plaintiff claims that his, and his clients', due process rights were violated as a result of the Fourth and Sixth Amendment violations he alleges.  Additionally, Plaintiff claims that the seizure of materials from his law office constitutes an unlawful taking under the Fifth Amendment.  The government's motion for summary judgment is focused on the constitutional sufficiency of the underlying conduct by law enforcement in this case.  As noted by the Court, the government does not direct the Court's analysis according to the claims in Plaintiff's Complaint but rather argues regarding the issues which form the basis of Plaintiff's claims.  While it is reasonable for the Court to read these arguments as they directly pertain to Plaintiff's Fourth and Sixth Amendment claims, the Court will not extend its reasoning to address Plaintiff's due process claims.  The government has not addressed these claims directly at any point in its briefing.  Moreover, Plaintiff's Fifth Amendment claims survive inasmuch as they allege a violation of the takings clause, an issue not argued by the parties in their papers.  Accordingly, the Court will deny summary judgment on Plaintiff's Fifth Amendment claims.

**IV.**     **CONCLUSION**

For the foregoing reasons, the Court will GRANT Defendants' motion for summary judgment on Plaintiff's Fourth and Sixth Amendment claims and DENY Defendants' motion for summary judgment on Plaintiff's Fifth Amendment claims.  The accompanying Order shall issue

today.


Dated:   4-13-09                                                            /s/ Robert B. Kugler
                                                                                       ROBERT B. KUGLER
                                                                                       United States District Judge